BOYD, Justice.
This cause is before us on petition for writ of certiorari to review Order #4900 of the Florida Public Service Commission setting intrastate freight rates for the transportation of phosphate by rail from mines in Polk County to Sutton and Lou on Hillsborough Bay. In the proceedings, the Southern Freight Association, on behalf of railroads operating in the State of Florida, sought: (1) an increase of 10 cents per ton on rates published for application on an annual volume movement of 2,000,000 tons moving to Sutton, Florida, for account of IM&C, as per the petition in Docket No. 9010-RR, and (2) an increase of 3 cents per ton on the same rates on traffic moving to Sutton and to Lou, Florida, as per the petition in Docket No. 9719-RR. In short, the petitioning railroads sought *759 increases in rates, identified as Item 1901 and Item 1930 of SFTB Tariff 876-B, by 13 cents per ton to Sutton and 3 cents per ton to Lou, Florida.
The same issues and parties were before this Court in International Minerals and Chemical Corp. v. Mayo.[1] In that case this Court reversed the order of the Public Service Commission approving intrastate rates for shipment of phosphate based entirely upon the findings of the Interstate Commerce Commission fixing interstate rates and observing that the same rates should be fixed by states as intrastate rates. Although no reliable separate evidence was before the Commission regarding the reasonableness of the proposed intrastate railroad rates in that case, the Florida Public Service Commission adopted the interstate rates concerning this particular traffic, stating there was nothing in the record to show such rates were unreasonable.
That Order was reversed and remanded for further proceedings by this Court because it did not conform to Chapter 350 of Florida Statutes, requiring the Public Service Commission to exercise independent judgment concerning intrastate rates.
In the present suit, the Public Service Commission has adopted the same rates as before but insists that it has done so by the exercise of independent judgment based upon competent substantial evidence relating to the property, revenues and expenses, considered separately from the overall operation of the railroad and stating in part as follows:
“[T]he Commission is of the opinion that the system utilized by the petitioning railroad for apportioning freight operating expenses between intrastate and interstate operations is adequate and sufficient. * * * [W]e find, on the basis of the present record, that the apportionment of freight operating expenses between intrastate and interstate operations as used by petitioner herein is proper and acceptable and that the separations data is reliable.”
The requested rate increases were granted, the Commission holding:
“The petitioner has met its required burden of proof by competent and substantial evidence and the increases authorized herein will not exceed a fair and reasonable level, and revenues derived therefrom will constitute a fair and reasonable contribution from Florida intrastate operations to the overall earnings and rates of return of petitioning railroad which will not be in excess of that required to render adequate and efficient transportation at the lowest cost consistent with the furnishing of such service.”
Petitioner denies this and says the Public Service Commission has not considered adequate, competent, substantial evidence to justify its order.
We have considered the record, briefs and arguments of counsel and are convinced that the Order 4900 of the Public Service Commission fixing freight rates in this cause, is supported by competent substantial evidence and comports with the essential requirements of law. It is accordingly, affirmed.
It is so ordered.
ROBERTS, C. J., and CARLTON and ADKINS, JJ., concur.
ERVIN, J., dissents with opinion.

. 217 So.2d 563 (Fla.1969).