HOBSON, Judge.
Appellee filed suit against appellant in the trial court to recover overcharges to appellant from appellee on shipments of phosphate rock from appellee’s plants in Florida to its plant at Sutton, Florida where the phosphate was eventually shipped by vessels to foreign countries and other states. Appellee contended that the shipments from their inland plants to Sutton, Florida were intrastate shipments and not interstate for which higher rates were charged.
The trial court, sitting without a jury, found that such shipments were intrastate for which a lower rate was applicable and entered judgment for appellee for the difference between the charges based on the intrastate rates and the charges which had been paid by appellee based on the higher interstate rates. Appellant appeals this judgment entered by the trial court and contends that the evidence clearly shows that the shipments in question from the inland plants to Sutton were under the applicable law interstate shipments.
The trial court made certain findings of fact in its final judgment, as follows:
“1. The facilities owned and controlled by the plaintiff at Port Sutton, Florida, serve several purposes in plaintiff’s operations, viz., (1) storage facilities for both dry and wet rock; (2) *817 drying facilities for wet rock; (3) blending facilities to enable plaintiff to fill orders for specific grades of dry rock; and (4) facilities for the loading of vessels with dry rock.
2. Blending is better accomplished at plaintiff’s Port Sutton facilities than is now possible at the facilities furnished by the defendant.
3. All of the phosphate rock delivered by defendant to plaintiff at Port Sutton, which is involved in this case, comes to rest there for some necessary treatment in the process of preparing it for sale to specific customers, which treatment materially increases the saleability and value of the product.
4. None of the aforesaid phosphate rock delivered by the defendant to the plaintiff at Port Sutton was consigned to or intended to be shipped to, a specific customer, but was consigned to itself at Port Sutton for processing.
5. The shipments in question are intrastate under the criteria laid down by the federal courts.”
Had we been sitting as the trial court we might not have reached the same conclusions as to the factual issues as did the trial judge herein; however, we have carefully studied the record on appeal and find that it contains competent substantial evidence to support the trial court’s findings and, therefore, under the law we must affirm the learned trial judge’s findings.
When applying the applicable law to the trial court’s findings we reach the same conclusion that shipments in question were intrastate shipments.
The other two points on appeal have been carefully considered and found to be without merit.
For the foregoing reasons the judgment appealed is
Affirmed.
PIERCE, C. J., and LILES, J., concur.