DREW, Justice (Retired).
Certiorari was denied by a unanimous court on the initial consideration of the petition. On rehearing, however, the original order denying certiorari was vacated, cer-tiorari was granted and, on application of the parties, additional time was allotted for oral argument.
Now, after oral argument and careful consideration of the briefs on the merits and re-study of the briefs on jurisdiction, we have concluded that the District Court of Appeal, 252 So.2d 816, which recites, in its concise decision affirming the judgment of the trial court, the background of the litigation and sets forth therein the full *46 findings of fact of the trial judge on the central and critical question of whether the shipments of phosphate from the phosphate company’s mines and other preparation plants in Polk County to its facilities at Sutton were in intrastate or interstate commerce was correct. The District Court held, and we agree, that the trial court’s judgment on this factual issue was supported by competent, substantial evidence, and that the result was in accordance with the law. Under elemental rules of appellate procedure this required an affirmance of the judgment below.
The point relied on for conflict here concerns the effect of the two decisions of this Court in an early facet of the controversy, viz: International Minerals and Chemical Corporation v. Mayo (1969) Fla., 217 So.2d 563 and International Minerals and Chemical Corporation v. Mayo (1971) Fla. 246 So.2d 758. Petitioner Railroad says in this respect:
“The Florida Public Service Commission by Order 4900 increased the applicable intrastate rate from 750 a ton to 85^5 a ton effective March 17, 1968. The Florida Supreme Court in International Minerals & Chemical Corporation v. Mayo, 246 So.2d 758 affirmed said Order 4900 increasing the rate to 850 a ton.
“The trial court, and the District Court of Appeal in its affirmance, assessed damages based directly upon an intrastate rate of 750 a ton instead of 850 a ton in unequivocal and direct conflict with the decision of this Court aforesaid and Order 4900 of the Florida Public Service Commission.”
The decision of this Court in the last case (246 So.2d 758) had no effect on the judgment rendered below and affirmed by the District Court of Appeal. This is so because in the first case (217 So.2d 563) Order 4324 [which first granted an increase in rate from 750 to 850 per ton] was quashed. We held there “On its face the Commission’s order violates the essential requirements of law . . .” No more apt words could be used in our judgment to express our view that such order was void. In the last case [246 So.2d 758] the Order (No. 4900) was one increasing the rates to the same extent as Order No. 4324 and such Order purported to make such rates retroactive to the date of such Order. The language in Order 4900 was wholly ineffective to breathe life into an order which had been dealt a lethal blow by the decision of this Court, and over which our jurisdiction had long since terminated. And, of course, the language we used in approving said order must be construed as approving it only from the date it became effective on, to-wit: June 4, 1970, the date of its entry.
For these reasons, the trial court was correct in applying the rate of 750 per ton in arriving at the amount awarded. In doing so it did not, directly or inferentially, establish a freight rate (as alleged in the petition for certiorari) nor did it set aside or annul an order of the Public Service Commission contrary to previous decision of this Court (as so alleged), nor did it apply a rule of law to produce a result contra to the result in a case decided by us involving substantially the same facts. Therefore, the order granting certiorari herein is vacated as having been improvidently issued and certiorari is denied.
It is so ordered.
ADKINS, BOYD and DEKLE, JJ., concur.
ROBERTS, C. J., concurs specially with Opinion.